TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (480) 247-9644
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jefferson Freeman

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Jefferson Freeman,<br><br>    Plaintiff,<br><br>vs.<br><br>Alliance Health Networks, Inc. aka Infusion Resources; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: 2:14-cv-7255<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET. SEQ*;**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, Plaintiff, Jefferson Freeman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Jefferson Freeman (hereafter "Plaintiff"), is an adult individual residing in Los Angeles, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant, Alliance Health Networks, Inc. ("Alliance"), is a Utah business entity with an address of 9 Exchange Place, Suite 200, Salt Lake City, Utah 84111, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Alliance and whose identities are currently unknown to Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Alliance at all times acted by and through one or more of the Agents.

# FACTS

8. Within the last four years, Alliance began contacting Plaintiff on his cellular telephone [323-XXX-0202].

9. At all times mentioned herein, Alliance placed calls to Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message ("Robocalls").

10. Plaintiff does not have a previous business relationship with Alliance, never provided his cellular telephone number to Alliance, and never provided consent for Alliance to contact him.

11. When Plaintiff answered calls from Alliance, he was met with a prerecorded message.

12. Despite Plaintiff having no relationship with Alliance, never providing his cellular telephone number to Alliance, and never providing consent to be called, Alliance placed dozens of calls to Plaintiff using a prerecorded message.

# COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Plaintiff never provided his cellular telephone number to Alliance and never provided consent to be contacted on his cellular telephone.

15. Upon information and belief, Alliance's telephone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. When Plaintiff answered Alliance's calls, he would hear a prerecorded message.

17. Without prior consent, Alliance contacted Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. Alliance contacted Plaintiff by means of ATDS and/or Robocalls to his cellular phone knowing that it lacked consent to call his number.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Alliance was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Alliance to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

    C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: September 17, 2014   TRINETTE G. KENT

By: _/s/  Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Jefferson Freeman